IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cathy G. Lanier, Randy D. Lanier, )<br>)   C/A No. 3:12-00628-MBS-SVH<br>                    Plaintiffs,      )<br>)<br>    vs.                            )<br>)<br>Branch Banking and Trust Company;  )<br>Bayview Loan Servicing, LLC;       )<br>Fleming & Whitt PA;                )       **O R D E R**<br>McDonnell & Associates PA,         )<br>)<br>                    Defendants.    )<br>_____) | |

This matter comes before the court on Plaintiffs' Emergency Application for Temporary Restraining Order, which has been construed as a Motion for Temporary Restraining Order. [Entry # 2].

I. Factual and Procedural Background

On March 2, 2012, Plaintiffs filed a complaint against the Defendants, alleging a violation of various federal statutes and state laws associated with "two loans and two foreclosures" related to properties which are scheduled to be sold at a foreclosure sale on March 5, 2012. [Entry # 1, pages 3-4, 5]. Plaintiffs contend that the Defendants were not the "'person entitled to enforce' the security interest on the Mortgage, and therefore the foreclosure was unlawful." [Entry # 2, page 12]. Plaintiffs indicate that a foreclosure sale was originally scheduled for November 8, 2011, because the state court "had consistently overlooked the flaws in the Mortgages, and refused to hear Plaintiffs' contention that the foreclosure sales were unlawful." *Id.* at 4-5. Therefore, on the morning of the foreclosure sale, Plaintiffs filed an application for Chapter 13 bankruptcy, thus preventing the

sale of the properties. *Id.* at 5. Plaintiffs indicate that their bankruptcy case was subsequently dismissed, *"[r]egardless of evidence produced indicating that there was no money owing to either bank." Id.*[1] Plaintiffs filed an amended complaint on March 5, 2012. [Entry # 5]. The court also has reviewed the amended complaint prior to ruling on Plaintiffs' motion for temporary restraining order.

II. Discussion

    A. Standard of Review

Plaintiffs seek a temporary restraining order, which is governed by the same general standards that govern the issuance of a preliminary injunction. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.,* 174 F.3d 411, 422 (4th Cir. 1999) . A party seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, ----, 129 S. Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977).[2] A plaintiff must make a clear showing

---

[1] Plaintiffs have appealed the dismissal of their bankruptcy case to this Court. *See Cathy G. Lanier and Randy D. Lanier v. Branch Bank & Trust, et al.*, Civil Action No. 3:12-00416-MBS-SVH (D.S.C. filed February 28, 2012). Plaintiffs filed motions in their bankruptcy appeal asking this Court to stay foreclosure sales on the properties, scheduled for March 5, 2012. *Id.* at Entry #'s 3, 15. Plaintiffs' motions to stay were denied by an Order issued on February 28, 2012. *Id.* at Entry # 18. Plaintiffs filed a motion for reconsideration of the denial of their motions to stay, which was also denied by an Order issued on March 2, 2012. *Id.* at Entry # 23. Plaintiffs have now filed the instant complaint and motion for temporary restraining order.

[2] Although the original decision in *Real Truth* was vacated by the Supreme Court for further consideration in light of the decision in *Citizens United v. Federal Election Commission*, — U.S. —, 130 S.Ct. 876 (2010), the Fourth Circuit reissued its opinion on Parts I and II of its earlier opinion

that he is likely to succeed on the merits of his claim. *Winter*, 129 S. Ct. at 376; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 129 S. Ct. at 374–76; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the party's favor. *See Real Truth*, 575 F.3d at 346–47.[3] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 129 S. Ct. at 376–77).

B.     Analysis

Plaintiffs are unable to show that there is a likelihood that they will succeed on the merits of their claims. Plaintiffs' memorandum in support of their motion alleges that the foreclosures on their properties were unlawful. [Entry # 2 at 12]. However, Plaintiffs do not provide any information to demonstrate the alleged payment of the debts. In addition, Plaintiffs' memorandum indicates that state and federal courts have previously ruled adversely to them on these issues. *Id.* at 4-5. *See also Cathy G. Lanier and Randy D. Lanier v. Branch Bank & Trust, et al.*, Civil Action No. 3:12-00416-MBS-SVH (D.S.C. filed February 28, 2012)(Entry # 13-4 to 13-7, Judgment of Foreclosure Orders and Supplemental Judgment of Foreclosure Orders in favor of Defendants Branch Banking and Trust

---

in the case, 575 F.3d at 345–347, stating the facts and articulating the standard for the issuance of preliminary injunctions, before remanding it to the district court for consideration in light of *Citizens United*. *See The Real Truth About Obama, Inc. v. Federal Elections Comm'n*, 607 F.3d 355 (4th Cir. 2010).

[3]Based on *Winter*, the *Real Truth* Court expressly rejected and overruled *Blackwelder'*s sliding scale approach that formerly allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. *Real Truth*, 575 F.3d at 347; *Winter*, 129 S. Ct. at 375-76.

3

Company and Bayview Loan Services, LLC).[4] This court is barred by the *Rooker-Feldman* doctrine from attacking the conclusions of the state courts regarding the validity of the mortgages held by Plaintiffs. *Brown & Root. Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (the *Rooker–Feldman* doctrine prevents Plaintiff "from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

Plaintiffs also argue that they will be irreparably harmed if this court does not grant a temporary restraining order. [Entry # 2, page 13]. Plaintiffs indicate that their properties are unique and that the sale of at least one of the properties will result in the loss of "Plaintiff Cathy G. Lanier's business and only source of income." *Id.* Plaintiffs further allege that the closing of that business would result in the lay off of employees. *Id.* Plaintiffs provide no further information or any specifics on how they will be irreparably harmed if the foreclosure sales, which were originally scheduled to go forward on November 8, 2011, are allowed to proceed.

Plaintiffs also fail to meet their burden of proving that the balance of equities tips in their favor. Plaintiffs claim that "the only potential harm to [Defendants Branch Banking and Trust Company and Bayview Loan Servicing, LLC] might be financial, and even that is only assuming that they would be able to find a buyer or buyers for the Properties before this case goes to trial." *Id.* at 14. However, Plaintiffs fail to address the extent of the potential financial harm to Defendants if the motion for temporary restraining order were granted. With regard to the public interest, Plaintiffs argue that "to allow either bank to profit by the sale of Plaintiffs' properties without first determining

---

[4] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

their entitlement to enforce the security interest on the Mortgage undermines public interest." *Id.* at 15. However, as Plaintiffs have litigated this issue in various courts that have thoroughly explored the facts appertaining to Plaintiffs claims, the court finds that public interest favors final resolution of this matter.

Because Plaintiffs have not demonstrated a likelihood of success on the merits or more than a possibility of irreparable harm, and because the balance of the equities and the public interest involved do not warrant the extraordinary remedy of injunctive relief, Plaintiffs' motion for temporary restraining order is denied.

III.     Conclusion

For the foregoing reasons, Plaintiffs' motion for temporary restraining order is denied. The matter is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

March 5, 2012.