IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Cathy G. Lanier and Randy D. Lanier, ) | C/A No.: 3:12-628-MBS-SVH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| ) | |
| Branch Banking and Trust Company, ) | |
| Bayview Loan Services, LLC, Fleming ) | |
| & Whitt, P.A., McDonnell & Associates, ) | |
| P.A., Reggie Enlow as agent for ) | |
| Southern Visions Realty, and Does 1–9, ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on the motions to dismiss filed against Cathy G. Lanier and Randy D. Lanier ("Plaintiffs") by the following Defendants:

1. Branch Banking and Trust Company ("BB&T") on January 22, 2013 [Entry #71];

2. Bayview Loan Services, LLC ("Bayview") and Fleming & Whitt, P.A. ("Fleming") on December 14, 2012 [Entry #60];

3. McDonnell & Associates, P.A. ("McDonnell") on January 24, 2013 [Entry #74];

4. Reggie Enlow as agent for Southern Visions Realty ("Enlow") on December 19, 2012 [Entry #65], and February 21, 2013 [Entry #79].

Additionally, Plaintiffs filed a motion to amend on May 2, 2013 [Entry #85], to which BB&T and McDonnell filed responses [Entry #88 and #89, respectively].

This matter was referred to the undersigned in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) because Plaintiffs are proceeding *pro se*. Because the motions to dismiss are dispositive, this Report and Recommendation is entered for review by the district judge. Having considered the foregoing motions and Plaintiffs' responses [Entry #83, #68, #82, #69, and #84, respectively], the undersigned recommends granting the motions to dismiss and denying the motion to amend.

I.     Factual and Procedural Background

Plaintiffs seek damages and injunctive relief and assert the following causes of action in their third amended complaint ("Complaint") [Entry #37]:

1. Violation of Truth in Lending Act ("TILA") (15 U.S.C §1601 *et seq.*) (against BB&T and Bayview);

2. Violation of the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. §2601 *et seq.*) (against BB&T and Bayview);

3. Fair Debt Collection Practices Act ("FDCPA") (against all Defendants);

4. Quiet Title (against BB&T and Bayview);

5. Wrongful Foreclosure (against BB&T and Bayview);

6. Slander of Title (against all Defendants);

7. Civil Conspiracy (against all Defendants);

8. Unfair Business Practices under South Carolina Unfair Trade Practices Act ("SCUTPA") ( S.C. Code Ann. § 39-5-20 *et seq.*) (against all Defendants);

9. RICO (18 U.S.C. §§1961 *et seq.*) (against all Defendants);

10. Imposition of Constructive Trust (against BB&T and Bayview);

11. Fraud and Swindle 18 U.S.C. § 1346 any scheme or artifice to defraud; 18 U.S.C. § 1001 statements or entries generally (against all Defendants); and

> 12. Illegal Disposition, Breaking and Entering, Theft (against BB&T and Enlow).

The court is familiar with Plaintiffs' complaint, as it rests on facts the court previously considered in the Chapter 13 bankruptcy appeal filed on February 14, 2012, *Lanier v. BB&T et al.*, C/A No.: 3:12-416-MBS-SVH ("*Lanier I*").[1] In that case, the court affirmed the order of U.S. Bankruptcy Judge John E. Waites dated January 3, 2012, dismissing the Chapter 13 bankruptcy case with prejudice. [*Lanier* I, Entry #40]. As recited by the court in *Lanier I*, Plaintiffs were involved in two prior state court foreclosure actions that resulted in two judgments of foreclosure and two supplemental judgments of foreclosure.

Specifically, on April 19, 2004, Plaintiffs executed a $690,000 promissory note and mortgage held by BB&T on 220 West Main Street, Lexington, SC 29072 ("BB&T Property"). [Compl. ¶¶16–17; Entry #71-6 (Note)]. On December 5, 2008, Plaintiffs conveyed the BB&T Property to a wholly-owned LLC, C&R Holdings, LLC ("C&R"). [Entry #71-9]. On August 25, 2010, BB&T filed foreclosure proceedings on the BB&T Property. [Entry #37-1].

---

[1] The court takes judicial notice of its own records. *Anderson v. F.D.I.C.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) ("[T]he Bankruptcy Court is considered 'a unit of the district court' under 28 U.S.C. § 151, and we believe a district court should properly take judicial notice of its own records . . . ."); *Huber v. Marine Midland Bank*, 51 F.3d 5, 9 (2d Cir. 1995) (noting that in prior appeal, the appellate court "instructed the [district] court to take judicial notice of the records in [the plaintiff's] bankruptcy case"); *see Ceo v. Ozmint*, 2006 WL 2850538, at *2 (D.S.C. Sept. 29, 2006) ("This court may take judicial notice of its own records in this prior case.") (citing *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir. 1989) ( ". . . '[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'")).

On October 8, 2007, Plaintiffs executed a $650,000 promissory note and mortgage held by Interbay Funding, LLC ("Interbay") on 1324 North Lake Drive, Lexington, SC 29072. [Mortgage at Entry #1-7]. On February 15, 2008, Interbay assigned its note and mortgage to Bayview. [Entry #1-8]. On July 19, 2010, Bayview filed foreclosure proceedings on the property.

In 2011, BB&T and Bayview obtained separate judgments of foreclosure in the Court of Common Pleas for Lexington County, South Carolina. [*Lanier I*, Entry #13-4 (Bayview Judgment of Foreclosure dated September 12, 2011); #13-5 (BB&T Judgment of Foreclosure dated September 30, 2011]. Foreclosure sales of the properties were scheduled for November 8, 2011.

On November 3, 2011, Randy Lanier filed for Chapter 13 bankruptcy relief. By order dated November 7, 2011, U.S. Bankruptcy Judge David R. Duncan granted an emergency motion to dismiss the case because the amount of the secured and unsecured debt exceeded the limitations provided by 11 U.S.C. § 109(e), such that Chapter 13 relief was not available. [*Lanier I*, Entry #13-8]. No appeal was taken from this order.

On November 8, 2011, Plaintiffs filed a second bankruptcy case. After holding a hearing in which Plaintiffs acknowledged that there had been no change in their financial circumstances since the dismissal of the first bankruptcy case, Judge Waites issued his order dismissing the case with prejudice. [*Lanier I*, Entry #28-13]. The order also concluded that Plaintiffs had filed the second bankruptcy case in bad faith and to impede the foreclosure sales. *Id.* at 3. Judge Waites further noted that the documents submitted by Plaintiffs at a hearing had no legal effect, and that their assertion of payment had been

4

rejected by Judge Duncan and in state court. *Id.* Thereafter, supplemental judgments of foreclosure were obtained [*Lanier I*, Entry #13-6, #13-7], and foreclosure sales were scheduled for March 5, 2012 [*Lanier I*, Entry #25 at 5].

In the Bankruptcy Court, Plaintiffs filed a notice of appeal of the Order on January 17, 2012 [*Lanier I*, Entry #28-18], together with a motion to stay the foreclosure sales pending their appeal [*Lanier I*, Entry #29-13]. The Bankruptcy Court denied the motion to stay. [*Lanier I*, Entry #29-8]. The notice of appeal from the Bankruptcy Court was docketed in this court on February 14, 2012 [*Lanier I*, Entry #1], together with Plaintiffs' motion to stay [*Lanier I*, Entry #3]. This court likewise denied Plaintiffs' motion for a stay by order filed February 28, 2012 [*Lanier I*, Entry #18], and denied Plaintiffs' motion to reconsider by order dated March 2, 2012 [*Lanier I*, Entry #23]. That same day, Plaintiffs filed the instant case ("*Lanier II*"). The properties were subsequently sold at foreclosure, and Plaintiffs did not appeal the foreclosures. Therefore, all proceedings and orders in the foreclosures are final and not subject to appeal, as all relevant appeal times having expired.

Defendant McDonnell's involvement in this litigation centers on its representation, through attorney John Pincelli, of BB&T in the state court action and subsequent bankruptcy action. Plaintiffs allege in the course of McDonnell's representation of BB&T during the foreclosure proceedings, McDonnell submitted fraudulent Affidavits of Service (Compl. ¶ 18) preventing Plaintiffs from receiving timely notice of the foreclosure proceedings, and worked with other defendants and Special Referee, Clyde Davis, to prevent Plaintiffs' foreclosure-related motions from being heard. *Id.* at ¶ 24. During a

5

status conference regarding the BB&T Foreclosure, Plaintiffs allege they "experienced [a] . . . verbal attack by Defendant McDonnell & Associates . . . ." *Id.* at ¶ 20. Plaintiffs further allege McDonnell, through Pincelli, failed to properly serve C & R in an "attempt to trap [Plaintiffs] into a hearing without representation for C & R Holdings, LLC." *Id.* at ¶ 25. Plaintiffs allege Pincelli offered to agree to postpone the foreclosure hearing if Plaintiffs would consent to service of C & R, which Plaintiffs contend amounted to "a clear solicitation . . . to commit fraud and perjury." *Id.* at ¶ 25.

Plaintiffs allege that at a hearing on August 30, 2011, their own attorney and the attorney representing C & R and McDonnell "colluded . . . between themselves and the judge to set up an 'agreement' that if Plaintiffs would stop contesting the foreclosure, BB&T would withdraw their claim for a deficiency." Compl. ¶ 26. Plaintiffs allege the court moved forward with the agreement over Plaintiffs' objection. *Id.* at ¶ 26. Plaintiffs complain that during this hearing, Pincelli submitted a proposed order that the court later adopted and entered. *Id.* at ¶ 27; and Entry #37-8.

Plaintiffs allege that Enlow, "as agent for Southern Visions Realty, Inc.," was an agent for BB&T and prematurely changed the locks on the BB&T property and removed personal property therein. Compl. ¶¶ 11, 57, 65, and 141.

Plaintiffs fail to identify Does 1–9 with any specificity.

On March 5, 2012, this court denied Plaintiffs' request for a temporary restraining order ("TRO"). [Entry #8]. Plaintiffs appealed the court's denial of the TRO to the Fourth Circuit Court of Appeals [Entry #16], which dismissed the appeal [Entry #33].

6

II.  Defendants' Motions to Dismiss

   A.   Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Plaintiffs are *pro se* litigants, and thus their pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, a court may not construct a party's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417–418 (7th Cir. 1993), nor should it "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

   B.   Analysis

The undersigned addresses the arguments in the motions according to the causes of action. Each defendant seeks dismissal of all corresponding causes of action.

7

        1.     Foreclosure-Related Claims are Barred

BB&T and Bayview argue that res judicata/claim preclusion, collateral estoppel, and/or the *Rooker-Feldman* doctrines bar Plaintiffs' claims for FDCPA, Quiet Title, Wrongful Foreclosure, Slander of Title, Civil Conspiracy, SCUPTA, RICO, Constructive Trust, 18 U.S.C. § 1001, 18 U.S.C. § 1346, Illegal Disposition, Breaking and Entering, and Theft ("Foreclosure-Related Claims") because they would require reaching a conclusion in contradiction to the findings of the state court that BB&T and Bayview properly foreclosed upon and took title to the properties. Plaintiffs state in their Complaint that "[t]his case is brought to US District Court in an attempt to right the wrongs of the Court of Lexington County." Complaint ¶ 54. Because the court has previously determined the foreclosures to have been proper, the Foreclosure-Related Claims are subject to dismissal.

Res judicata, also known as claim preclusion, bars subsequent actions by the same parties arising out of the same transaction or occurrence that was the subject of a prior action between the parties. *See Plum Creek Dev. Co. v. City of Conway*, 512 S.E.2d 106 (S.C. 1999). Under the doctrine of res judicata, "[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit." *Id*. (quoting *Hilton Head Ctr. of SC, Inc. v. Pub. Serv. Comm'n of South Carolina*, 362 S.E.2d 176, 177 (S.C. 1987)).

BB&T and Bayview submit that they have established res judicata because: (1) the parties to this action are the same as those involved in the prior foreclosures; (2) the subject matter is the same; and (3) the issues Plaintiffs now raise as to the properties have already been raised, or could have been raised, in the state-court foreclosure proceedings.

8

Plaintiffs contend that an exception exists that allows them to attack the validity of the original judgment based on a violation of federal law and the inadequacy of the state's procedures. Further, Plaintiffs argue that because they have named "additional parties, additional theories of recovery and separate and distinct demands from the state court suits," that dismissal on res judicata is not appropriate. Plaintiffs' arguments against res judicata are without merit.

Plaintiffs are attempting to relitigate the same issues they previously litigated in the state court and on which they received adverse determinations. Claim preclusion requires three elements: (1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits. *Keith v. Aldridge*, 900 F.2d 736, 739 (4th Cir. 1990). As to the second element, the Fourth Circuit Court of Appeals has "adopted a transactional approach to the identity of claims question—'the appropriate inquiry is whether the new claim arises out of [the] same transaction or series of transactions as the claim resolved by the prior judgment.'" *Id.* at 740 (quoting *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)). There is no dispute that Plaintiffs' new claims arise out of the same series of transactions as resolved by the prior foreclosures. Therefore, Plaintiffs' foreclosure-related claims are barred.

Furthermore, dismissal of Plaintiffs' claims is also appropriate pursuant to the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "[U]nder what has come to be known as the *Rooker–Feldman* doctrine, lower federal courts are precluded

9

from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis,* 546 U.S. 459, 463 (2006) (per curiam). The *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Plaintiffs readily admit that they are challenging the state court foreclosure and judicial sales—the exact same issues as presented to the state court (i.e., the validity of the underlying debt and the propriety of the foreclosure). Plaintiffs seek an order to invalidate the foreclosure and sale and to reach determinations directly opposite of the state court. Therefore, the *Rooker-Feldman* doctrine bars relief.

Furthermore, it appears that Plaintiffs lack standing to bring this action concerning the BB&T Property foreclosure proceedings because they were not the real party in interest, as C&R was the owner of the BB&T Property prior to the foreclosure proceedings.

For all these reasons, the undersigned recommends the court dismiss the Foreclosure-Related Claims against all Defendants.

2.     TILA Claims against BB&T and Bayview

Plaintiffs seek recovery against BB&T and Bayview for TILA violations. These defendants argue that the TILA claims should be dismissed because they are filed beyond the applicable statute of limitations and are inapplicable to the commercial loans they made to Plaintiffs. The TILA statute provides the following statute of limitations: "Any action under this section may be brought in any United States district court, or in any other court

10

of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. §1640. Further, "an obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. 1635. It is undisputed that the closing of the BB&T property occurred on or about April 19, 2004 (Complaint ¶ 16), and the closing of the Bayview property occurred on or about October 8, 2007 (Complaint ¶ 29). Because Plaintiffs do not allege any TILA violations at any time other than the initial closings, the statute of limitations bars their TILA claims. Even considering the last modification date as to the BB&T loan of January 27, 2009, as determined by the state court, Plaintiffs' TILA claim comes more than three years later on March 2, 2012.

Independently, it appears that the TILA would not apply to Plaintiffs' BB&T and Bayview loans, which were commercial transactions as evidenced by Plaintiffs' representation in the notes that they were obtained for business/commercial purposes and were not consumer credit transactions subject to the provisions of the TILA. *See* 15 U.S.C. §1603(1) (TILA does not apply to "credit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes, or to government or governmental agencies or instrumentalities, or to organizations."). Plaintiffs' argument that they had to sign personal guarantees is unavailing, as the nature of the commercial loans is the relevant inquiry, not the nature of an independent guarantee.

For these reasons, the undersigned recommends the court dismiss the Plaintiffs' TILA claims against BB&T and Bayview.

11

       3.       RESPA Violation against BB&T and Bayview

Plaintiffs seek recovery against BB&T and Bayview for RESPA violations. These defendants argue that the RESPA claims should be dismissed because they are filed beyond the applicable statute of limitations and are inapplicable to the commercial loans they made to Plaintiffs. The RESPA statute provides the following statute of limitations:

> Any action pursuant to the provisions of section 6, 8, or 9 [12 U.S.C. § 2605, 2607, or 2608] may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 6 [12 U.S.C. § 2605] and 1 year in the case of a violation of section 8 or 9 [12 U.S.C. § 2607 or 2608] from the date of the occurrence of the violation.

12 U.S.C. § 2614.

For the same reasons as outlined in the above section on Plaintiffs' TILA claims, Plaintiffs' RESPA claims should be dismissed as filed beyond the applicable statute of limitations and are inapplicable to Plaintiffs' commercial loans. Additionally, as with the TILA claims, Plaintiffs' RESPA claims are independently subject to dismissal because the loans were commercial transactions, and not residential real estate transactions subject to the RESPA. *See* 12 U.S.C. §2602(1)(A) (loans "primarily for business, commercial or agricultural purposes" are specifically exempt from [RESPA's] provisions").

For these reasons, the undersigned recommends the court dismiss the Plaintiffs' RESPA claims against BB&T and Bayview.

       4.      FDCPA Claim against all Defendants

Independently, Plaintiffs' FDCPA claim should be dismissed because that statute does not apply to BB&T and Bayview's actions in foreclosing their own debts. The FDCPA governs the actions of "debt collectors," who are defined as those attempting to collect "debts owed or due or asserted to be owed or due another," and it does not include "(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. § 1692(a)(6). Accordingly, creditors collecting their own debts are not "debt collectors" for purposes of the FDCPA and are exempt from the FDCPA's provisions. *Glover v. Univ. Motor Co.*, No. 3:08–2254, 2010 WL 234903, at *3 (D.S.C. Jan.15, 2010); *Serfass v. CIT Group/Consumer Fin., Inc.*, No. 8:07–90, 2008 WL 351116, at *3 (D.S.C. Feb. 7, 2008) (finding the defendant was not regulated by the FDCPA because the defendant was a creditor collecting its own debts). Because the FDCPA is inapplicable to BB&T and Bayview, the undersigned recommends that the court dismiss Plaintiffs' claims against them thereunder.

Further, the FDCPA does not apply to Plaintiffs' BB&T and Bayview loans, which are commercial transactions as evidenced by their representation in the note that it was obtained for "business/commercial purposes," and not "primarily for personal, family, or household purposes" so as to be subjected to the provisions of the FDCPA. *See* 15 U.S.C. § 1692(a)(5). Therefore, Plaintiffs' FDCPA claims against all Defendants should be dismissed.

5.     Civil Conspiracy Claim against all Defendants

Plaintiffs' civil conspiracy claim also fails because it does not allege the existence of special damages. "The tort of civil conspiracy has three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage." *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871 (S.C. Ct. App. 2009). Fed. R. Civ. P. 9(g) requires that "When items of special damages are claimed, they shall be specifically stated." Because Plaintiffs' Complaint fails to state special damages, the conspiracy cause of action should be dismissed.

6.     Enlow's Motion to Dismiss

In his motion to dismiss, Enlow claims that he, Southern Visions Realty, Inc., nor he as an agent for Southern Visions Realty, Inc., were employed or acted as an agent for BB&T. He argues that he is the sole stockholder and President of JENNBREN, INC., and was engaged by BB&T to secure, maintain, and manage the BB&T Property. He argues that Plaintiffs' complaint should be dismissed for improper service and for failure to join JENNBREN, INC. as a necessary party and real party in interest under Fed. R. Civ. P. 17(a) and 19.

Because the undersigned has already made a determination that Plaintiffs' Foreclosure-Related Claims are without merit, it is unnecessary to reach Enlow's remaining arguments. For the reasons stated earlier, the Foreclosure-Related Claims against Enlow—in any capacity—should be dismissed.

14

III.    Plaintiffs' Motion to Amend

In their Motion to Amend, Plaintiffs seek to file a Fourth Amended Complaint that "better reflects the current requests for intervention and the seeking of damages that reflect today's status." [Entry #85 at 1]. Plaintiffs admit that their original complaint "dealt primarily with requesting the Court to step in and prevent the sale of the properties that are the subject matter of the Complaint." *Id.* There is no substantive change in the legal bases for the first twelve causes of action, but Plaintiffs seek to add two more causes of action.

Plaintiffs seek to add a thirteenth cause of action against BB&T and Bayview for "failure to name an indispensable party and criminal penalties under S.C. statute § 29-1-30," naming a Mr. Dew as the filer of a UCC financing statement. [Entry #85-1 at 53]. Plaintiffs claim that BB&T and Bayview's participation in the transfer of sale of the properties "under lien" renders them subject to criminal penalties under S.C. Code Ann. § 29-1-30. *Id.* at 54. That statute provides:

> Any person who shall wilfully and knowingly sell and convey any real or personal property on which any lien exists without first giving notice of such lien to the purchaser of such real or personal property shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be imprisoned for a term of not less than ten days nor more than three years and be fined not less than ten dollars nor more than five thousand dollars, either or both in the discretion of the court.

S.C. Code Ann. § 29-1-30.

Plaintiffs also seek to add a fourteenth cause of action against BB&T and Bayview for allegedly denying them their right to a fair trial by allegedly colluding with the Special

15

Referee and Plaintiffs' own counsel. [Entry #85-1 at 55]. Plaintiffs claim that their right to a fair trial is a "basic human right" that was violated by BB&T. *Id.*

In the prayer of their proposed Fourth Amended Complaint, Plaintiffs seek, inter alia, protection under the whistleblower provisions of the Sarbanes-Oxley Act; a judgment against each defendant; an order stating that the BB&T and Bayview mortgages are void; and order setting aside the foreclosure sales, orders, and deeds; an order "reversing the sales to third parties that have occurred for both Properties; punitive, treble, compensatory, statutory, exemplary damages, attorneys' fees and costs. *Id.* at 56–58.

Plaintiffs' proposed thirteenth and fourteenth causes of action attempt to collaterally attack the final unappealed state court order and to raise the rights of a third party arising from liens that might have affected the foreclosures had they been raised there.

The decision of whether to grant a motion to amend is left to the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (ruling the "grant or denial of an opportunity to amend is within the discretion of the District Court"). Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." However, "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 602–603 (4th Cir. 2010). If an amendment would fail to withstand a motion to dismiss, it is futile." *Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012). Therefore, when the new well-pleaded facts asserted in the new proposed complaint fail to show that

16

the plaintiff is entitled to relief, the court should deny the motion for leave to amend. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Plaintiffs' proposed amendment would be futile and would cause Defendants prejudice in continuing to defend against meritless claims. Plaintiffs have failed to cure the deficiencies in their complaint, despite four prior attempts to do so. *See Williams v. Lewis*, 342 F.2d 727 (4th Cir. 1965) (holding motion for leave to file another amended complaint upon grounds which district court concluded were substantially the same as those asserted in previous complaints was properly denied). Therefore, the undersigned recommends the court deny Plaintiffs' motion to amend.

IV.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that the court grant the motions to dismiss of BB&T [Entry #71]; Bayview [Entry #60]; McDonnell [Entry #74]; and Enlow [Entry #65, #79]. Further, it is recommended that the court deny Plaintiffs' motion to amend [Entry #85].

IT IS SO RECOMMENDED.

May 30, 2013                                         Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).