IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Cathy G. Lanier and Randy D. Lanier, | ) |
| | ) C/A No. 3:12-0628-MBS |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| Branch Bank & Trust Company, an unknown business entity; Bayview Loan Services, LLC, an unknown business entity; Fleming & Whitt, P.A., an unknown business entity; McDonnell & Associates, P.A., an unknown business entity; Reggie Enlow as agent for Southern Visions Realty, Inc., an unknown business entity; and Does 1-9, inclusive, | ) ) ) ) **ORDER AND OPINION** ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

Plaintiffs Cathy G. Lanier and Randy D. Lanier, proceeding pro se, brought this action on March 2, 2012, seeking to set aside the foreclosure of certain commercial properties (the "Properties") located in Lexington County, South Carolina. Plaintiffs filed an amended complaint on March 5, 2012; a second amended complaint on April 24, 2012, and a third amended complaint on November 13, 2012. Plaintiffs assert causes of action for violation of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq., as to Defendants Branch Bank & Trust (BB&T) and Bayview Loan Services, LLC ("Bayview") (First Cause of Action); violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601 et seq., as to Defendants BB&T and Bayview (Second Cause of Action); violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, et seq., as to all Defendants (Third Cause of Action); to quiet title as to Defendants BB&T and

Bayview (Fourth Cause of Action); for wrongful foreclosure as to Defendants BB&T and Bayview (Fifth Cause of Action); for slander of title as to all Defendants (Sixth Cause of Action); for civil conspiracy as to all Defendants (Seventh Cause of Action); violation of the South Carolina Unfair Trade Practices Act (SCUTPA), S.C. Code Ann. §§ 39-5-20 et seq., as to all Defendants (Eighth Cause of Action); violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 et seq., as to all Defendants (Ninth Cause of Action); imposition of a constructive trust as to Defendants BB&T and Bayview (Tenth Cause of Action); a claim under criminal statutes for fraud and swindle, 18 U.S.C. § 1346, and false statements, 18 U.S.C. § 1001, as to all Defendants (Eleventh Cause of Action); and illegal dispossession, breaking and entering, and theft as to Defendants BB&T and Reggie Enlow as agent for Southern Visions Realty, Inc. (Twelfth Cause of Action). Plaintiffs seek damages and injunctive and declaratory relief.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On December 14, 2012, Bayview and Flaming & Whitt P.A. filed a motion to dismiss for failure to state a claim (ECF No. 60). By order filed December 17, 2012, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiffs were advised of the dismissal procedure and the possible consequences of failing to respond adequately. On December 19, 2012, Enlow filed a motion to dismiss on the grounds of improper service and failure to join a real party in interest. (ECF No. 65). A second Roseboro order was issued on December 21, 2012. Plaintiff filed responses in opposition to Bayview's and Enlow's motions to dismiss on January 22, 2013. Also on January 22, 2013, BB&T filed a motion to dismiss (ECF No. 71). A third Roseboro order was issued on January 25, 2013. On January 24, 2013, Defendant McDonnell & Associates, P.A. ("McDonnell") filed a motion to

2

dismiss for failure to state a claim (ECF No. 74). A fourth Roseboro order was issued on January 25, 2013.

On February 21, 2013, Enlow filed a second motion to dismiss (ECF No. 79). A fifth Roseboro order was issued on February 22, 2013. On February 27, 2013, Plaintiffs filed responses in opposition to McDonnell's and BB&T's motions to dismiss. On March 27, 2013, Plaintiffs filed a response in opposition to Enlow's second motion to dismiss.

Finally, on May 2, 2013, Plaintiffs filed a motion to amend their complaint (ECF No. 85). BB&T filed a response in opposition to Plaintiffs' motion on May 17, 2013. McDonnell filed a response in opposition to Plaintiffs' motion on May 20, 2013.

On May 30, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended that Defendants' motions to dismiss be granted and that Plaintiffs' motion to amend their complaint be denied. Plaintiffs filed objections to the Report and Recommendation on July 22, 2013, to which BB&T filed a reply on August 6, 2013 and Enlow filed a reply on August 8, 2013.

I. DISCUSSION

A.      Factual and Procedural History

In their third amended complaint, Plaintiffs allege that they refinanced one the Properties, known as 220 West Main Street, Lexington, South Carolina (the "Main Street Property"), through BB&T in 2004. According to Plaintiffs, BB&T filed a complaint for foreclosure on or about August 25, 2010. Plaintiff allege that BB&T's counsel, McDonnell, fraudulently recorded affidavits of service although, according to Plaintiffs, they were never noticed of the complaint or subsequent filings, including an affidavit of default. Plaintiffs contend they received notice of a foreclosure hearing purely by accident on February 18, 2011. Plaintiffs subsequently attended a hearing on

February 24, 2011, after which they experienced a "verbal attack" by McDonnell's representative.

Plaintiffs further allege that they were served with an incomplete copy of the complaint on April 30, 2011. Plaintiffs also state that title to the Main Street Property was held by C&R Holdings, LLC, and that this entity was not served. Plaintiffs state that they engaged counsel to represent C&R Holdings, LLC. The state foreclosure action was referred to Special Referee Clyde Davis, who set a hearing for August 1, 2011. Plaintiffs further allege that counsel for BB&T admitted that C&R Holdings, LLC had not been served, and agreed to postpone the hearing until August 30, 2011 if Plaintiffs would agree that C&R Holdings, LLC had been served as of the end of July 2011. Counsel for C&R Holdings, LLC agreed to the arrangement. Plaintiffs allege these and other acts "show[] that obstruction of justice, fraud and swindle, perjury to mislead the court, and solicitation of criminal acts from the judge and other parties is the modus operandi" of the bar of Lexington County, South Carolina. Comp. ¶ 25, ECF No. 37.

Plaintiffs allege that on August 30, 2011, BB&T offered to waive its right to a deficiency judgment if Plaintiffs would not contest the foreclosure proceedings. Plaintiffs contend that they refused the settlement but that the Special Referee nevertheless signed an order withdrawing the deficiency. The Special Referee set a foreclosure sale for November 8, 2011. Plaintiffs further assert that, after these events transpired, they learned that Branch Banking and Trust Company of South Carolina, the entity suing for foreclosure, previously had been dissolved as the result of numerous mergers. Plaintiffs contend that a defunct entity has no standing to enforce a security interest.

Plaintiffs further allege that they refinanced through Interbay Funding, LLC ("Interbay") certain property known as 1324 North Lake Drive, Lexington, South Carolina (the "North Lake

4

Property"). Plaintiffs allege that Interbay delayed closing on the loan for nearly three months, and then changed the loan to less favorable terms less than 24 hours prior to closing. Plaintiffs contend this is a pattern and scheme designed to "bait and switch" unwitting loan recipients into moving loans to Interbay on favorable terms, delaying the loan closing to impart a hardship on the recipients, and then forcing recipients to accept unfavorable terms or be without financing. Plaintiffs also allege that they were instructed to make payments to Bayview, and that Bayview engaged in a fraudulent scheme to collect late fees. Plaintiffs assert that Bayview is without standing to foreclose on the loan because it is not the holder of the note and mortgage securing the loan.

A foreclosure hearing was held on August 1, 2011. Plaintiffs allege that they testified regarding the predatory lending practices to which they had been subjected and their belief that the loan had illegally been transferred among certain parties without the recording of an assignment or transfer of any kind. The foreclosure judge awarded Bayview the right to foreclose and set a foreclosure sale for November 8, 2011. According to Plaintiffs, "[t]his, again, is consistent with the court's bias of preference toward all banks doing business in Lexington County, even those who have clearly committed illegal and immoral acts." Third Am. Compl. ¶ 42, ECF No. 37.

On November 4, 2011, Plaintiff Randy D. Lanier attempted to stay the foreclosure sale scheduled for November 8, 2011, by filing for protection under Chapter 13 of the Bankruptcy Code. On November 7, 2011, United States Bankruptcy Judge David R. Duncan held an emergency hearing. Plaintiffs contend that "in effect, the attorneys had now partnered to bulldoze the Plaintiffs." Third Am. Compl. ¶ 45. Judge Duncan dismissed the Chapter 13 bankruptcy on the grounds that the amount of the secured and unsecured debt exceeded the limitations provided by 11 U.S.C. § 109(e). Plaintiffs did not appeal Judge Duncan's order. Rather, Plaintiffs jointly filed a

second Chapter 13 bankruptcy case on November 8, 2011 that successfully stayed the foreclosure sales. On January 3, 2012, Chief Bankruptcy Judge John E. Waites concluded that Plaintiffs had filed the second bankruptcy case in bad faith and to impede the foreclosure sales. Accordingly, Judge Waites dismissed the second bankruptcy case with prejudice.

Plaintiffs filed a notice of appeal to this court on February 14, 2014, as well as a motion to stay foreclosure sales rescheduled for March 5, 2012. The court denied Plaintiffs' motion to stay by order filed February 28, 2012, and affirmed Judge Waites' January 3, 2012 order dismissing Plaintiffs' bankruptcy case on March 22, 2013.

Plaintiffs allege that the Special Referee sold both Properties back to BB&T and Bayview, respectively, on March 5, 2012. It appears that the Properties have been sold at foreclosure and that Plaintiffs have not appealed any relevant state court rulings, specifically as to:

- Bayview Judgment of Foreclosure dated September 12, 2011
- BB&T Judgment of Foreclosure dated September 30, 2011
- Bayview Supplemental Judgment of Foreclosure dated January 24, 2012 for a total debt of $935,267.53
- BB&T Supplemental Judgment of Foreclosure dated January 24, 2012 for a total debt of $856,363.33.

Plaintiffs allege they were evicted from the Main Street Property without the benefit of an eviction process or notice. Plaintiffs allege that many of their personal items have been removed and stolen from the Properties.

B.   The Magistrate Judge's Report and Recommendation

The Magistrate Judge addressed Defendants' various motions to dismiss according to the cause of action. As to Plaintiffs' causes of action for FDCPA, quiet title, wrongful foreclosure, slander of title, civil conspiracy SCUTPA, RICO, constructive trust, fraud and swindle and false

statements, illegal disposition, breaking and entering, and theft (the "Foreclosure-Related Claims"), the Magistrate Judge observed that Plaintiffs are attempting to relitigate the same issues previously raised and ruled on adversely in state court. The Magistrate Judge determined that these causes of action are barred by claim preclusion, which requires satisfaction of three elements: (1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits. Report and Recommendation 9 (ECF No. 91) (citing Keith v. Aldridge, 900 F.2d 736, 739 (4th Cir. 1990)). The Magistrate Judge noted that the Foreclosure-Related Claims arise out of the same series of transactions as resolved by the prior foreclosures. Id. (citing Keith, 900 F.2d at 740) (adopting a "transactional approach" to the identity of claims question).

In addition, the Magistrate Judge found Plaintiffs' Foreclosure-Related Claims to be barred pursuant to the Rooker-Feldman[1] doctrine. The Rooker-Feldman doctrine provides that lower federal courts lack jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 294 (2005).

Next, the Magistrate Judge determined that Plaintiffs' TILA and RESPA causes of action to be barred by the three-year limitations period set forth in 15 U.S.C. § 1635 and 12 U.S.C. § 2614, respectively. The Magistrate Judge also observed that neither TILA or RESPA apply to Plaintiffs' commercial transactions with BB&T and Bayview. See 15 U.S.C. § 1603(1) (providing that TILA

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

does not apply to extensions of credit for commercial purposes); 12 U.S.C. § 2602(1)(A) (providing RESPA does not apply to loans made primarily for commercial purposes).

Regarding Plaintiffs' FDCPA claim, the Magistrate Judge noted that the FDCPA governs the actions of "debt collectors," who are defined as those attempting to collect debts owed or due to a third party, and not officers or employees of a creditor who attempts to collect a debt for the creditor. See 15 U.S.C. § 1692(a)(6). Accordingly, the Magistrate Judge determined that the FDCPA does not apply to BB&T's and Bayview's actions in foreclosing their own debts. In addition, the Magistrate Judge noted that FDCPA does not apply to commercial transactions. See 15 U.S.C. § 1692(a)(5).

As to Plaintiffs' civil conspiracy claim, the Magistrate Judge noted that, to prevail, Plaintiffs must satisfy three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiffs, and (3) causing plaintiffs special damage. Report and Recommendation 14 (citing Hackworth v. Greywood at Hammett, LLC, 682 S.E.2d 871 (S.C. St. App. 2009)). The Magistrate Judge also noted that Fed. R. Civ. P. 9(g) requires claims for special damages to be specifically stated. Because Plaintiffs failed to allege the existence of special damages, the Magistrate Judge found dismissal of the civil conspiracy cause of action to be appropriate.

Finally, the Magistrate Judge addressed Enlow's first motion to dismiss. The Magistrate Judge, having found that Plaintiffs' Foreclosure-Related Claims are without merit, determined that it was unnecessary to reach Enlow's claims that the complaint should be dismissed for improper service and failure to join a real party in interest. For all these reasons, the Magistrate Judge recommended that Defendants' motions to dismiss be granted.

The Magistrate Judge also addressed Plaintiffs' motion to file a fourth amended complaint.

The Magistrate Judge noted that Plaintiffs seek to add two additional causes of action, both of which attempt to collaterally attack the final unappealed state court order and to assert the rights of a third party purportedly having liens on the Properties. The Magistrate Judge noted that Fed. R. Civ. P. 15(a)(2) instructs the court to "freely give leave [to amend] when justice so requires." The Magistrate Judge also noted, however, that a motion to amend may be denied when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile. Report and Recommendation 16 (citing Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 602-03 (4th Cir. 2010)). The Magistrate Judge found Plaintiffs' proposed amendments to be futile because the additional causes action could not withstand a motion to dismiss. In addition, the Magistrate Judge determined that Plaintiffs' proposed amended complaint would prejudice Defendants by causing them to continue to defend against meritless claims. Therefore, the Magistrate Judge recommended that Plaintiffs' motion to amend be denied.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

C.     Plaintiffs' Objections to the Report and Recommendation

Plaintiffs assert that the Magistrate Judge erred in finding that their Foreclosure-Related Claims are barred by claim preclusion. Plaintiffs submit that their state foreclosure proceedings never were properly adjudicated on the merits, so that claim preclusion does not apply. Regarding

the Main Street Property, Plaintiffs submit that the counsel they retained to represent C&R Holdings, LLC, BB&T's counsel, and the Special Referee colluded to prevent them from receiving a "legal and on the record hearing[.]" Plaintiffs contend that certain documents utilized in the underlying foreclosure action contain fraudulent allegations against them, and again assert that they were sued by an entity that did not exist.

With respect to the North Lake Property, Plaintiffs contend that clear evidence provided by them was ignored, and that Bayview's foreclosure action was based "largely on the fraud perpetrated by this Defendant on Plaintiffs, the Court, and the taxpayers at large." Objection to Report and Recommendation 5, ECF No. 100.

The court finds no support in the record for Plaintiffs' contentions that the state court actions were not fully adjudicated. Moreover, as noted above, the judgments obtained by BB&T and Bayview are final and no longer appealable. The state court's decisions are entitled to full faith and credit deference by this court. See 28 U.S.C. § 1738; Swanson v. Faulkner, 55 F.3d 956, 965 (1995).

The court further agrees with the Magistrate Judge that the Rooker-Feldman doctrine bars Plaintiff's Foreclosure-Related Claims. The Rooker-Feldman doctrine precludes federal review of adjudications of state courts. Shooting Point, LLC v. Cumming, 368 F.3d 379, 383 (4th Cir. 2004) (quoting Jordahl v. Democratic Party, 122 F.3d 192, 199 (4th Cir. 1997)). The Rooker-Feldman bar extends "not only to issues actually decided by a state court but also to those that are 'inextricably intertwined with questions ruled upon by a state court.'" Id. (quoting Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)). A federal claim is "inextricably intertwined" with a state court decision if "'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" Id. (quoting Plyler, 129 F.3d at 731).

10

In their third amended complaint, Plaintiffs affirmatively state that the within action is brought in federal court "in an attempt to right the wrongs of the Court of Lexington County." Comp. ¶ 54. A determination that the foreclosure actions were wrongly decided is precisely the relief sought by Plaintiffs. It is improper for a federal district court to exercise jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment. Shooting Point, 368 F.3d at 384 (quoting Ernest v. Child & Youth Servs., 108 F.3d 486, 491 (3d Cir. 1997)). .Plaintiffs' objections regarding the Foreclosure-Related Claims are without merit.

Plaintiffs assert no additional specific objections to the Magistrate Judge's Report and Recommendation, other than to state that their complaint states a cause of action under RICO. As the court previously observed, the Foreclosure-Related Claims, including RICO, are barred by claim preclusion and the Rooker-Feldman doctrine. Regarding the remaining portions of the Report and Recommendation, a district court need not conduct a de novo review in the absence of a timely filed objection, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court has thoroughly reviewed the record, and finds no error in the Magistrate Judge's Report and Recommendation as to Plaintiffs' claims brought pursuant to TILA, RESPA, and the FDCPA, or Plaintiffs' cause of action for civil conspiracy.

Plaintiffs further assert that the Magistrate Judge erred in denying their motion to amend. The court agrees with the Magistrate Judge that the additional causes of action contained in the proposed fourth amended complaint would be subject to dismissal. Plaintiffs' objection is without merit.

II.  CONCLUSION

For the reasons stated, Bayview and Flaming & Whitt, P.A.'s motion to dismiss (ECF No. 60) is **granted**.  Enlow's motions to dismiss (ECF No. 65, 79) are **granted**.  BB&T's motion to dismiss (ECF No. 71) is **granted**.  McDonnell's motion to dismiss (ECF No. 74) also is **granted**. Plaintiff's motion to amend (ECF No. 85) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 29, 2013.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiffs hereby are notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**